MURRAY vs. ELSTON.

A deed of settlement between partners of their partnership affairs, declared to be made with a view to a full and final settlement and the recognition of existing rights, referring particularly to specific matters of contention between them, and full and explicit in its provisions, entered into after long consideration and full opportunity to investigate the matters it refers to, and formally executed under hand and seal, will not be disturbed at the instance of one partner against the other, except for the most cogent reasons.

Argued on bill, answer, replication, and proofs.

*Mr. A. Zabriskie*, for complainant.

*Mr. W. B. Williams*, for defendant.

THE VICE-CHANCELLOR.

The complainant seeks to have a settlement between himself and the defendant, his former partner, of their partnership business, opened, and a new accounting decreed to be made between them. The partnership was formed in 1864, and was dissolved in January, 1868. After the dissolution there was much contention between them as to their respective interests and rights in the partnership affairs, and as to the basis upon which a settlement ought to be made. This contention lasted for more than two years, and until the 17th of March, 1870, when the deed of settlement was made between them, which the complainant now attempts to impeach and break up. He charges that he was induced to sign it by the fraudulent representations or concealment of the defendant. An injunction was issued upon the filing of the bill restraining the defendant from selling certain property alleged to belong to the firm, and a motion to dissolve afterwards made upon the coming in of the answer, was denied for the reasons stated in the opinion, 8 *C. E. Green* 128. The answer met

Murray *v.* Elston.

the allegations of the bill, and I had doubts as to the propriety of retaining the injunction, but did retain in on the special grounds set out in the opinion. The evidence since taken, including the testimony of both the parties to the suit, and which has been fully reviewed and discussed at the argument, has left me in no doubt that the deed of settlement must be allowed to stand, and the complainant's bill be dismissed, with costs. I do not conceive it necessary to go over the evidence to justify my conclusion. I am entirely satisfied that the complainant had abundant opportunities to examine the books of the firm, and that he did in fact examine them during the two years or more in which the disputes between him and his partner were going on; that in general capacity and knowledge of the business he was quite the equal of the defendant, and was in no wise over-reached or misled by him.

The settlement recognizes in its opening the fact of their previous controversies, and is full and explicit in its provisions. It is declared to be made with a view to a full and final settlement, and the recognition of existing rights. It refers particularly to specific matters of contention between them, and on every ground in reference to which it can be considered is entitled to be supported, unless it can be shown by clear and convincing proof to have been fraudulently procured. An instrument like this, under the hand and seal of a partner, entered into after long consideration and full opportunity to investigate the matters it refers to, will not be disturbed by this court, except for the most cogent of reasons. I think the charge of fraudulent suppression or of false entries in the books, brought in this case against the defendant, has altogether failed to be proved, and I shall therefore advise a decree as above.